United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID KENT FITCH, (TDCJ # 02444702), §§§§§ | |
| Plaintiff, § | |
| vs. §§§ | CIVIL ACTION NO. H-26-5138 |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, §§§§ | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

David Kent Fitch, (TDCJ #02444702), is currently incarcerated at the Pack I Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se*, he filed a complaint seeking enforcement of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. §552a. (Dkt. 1). Specifically, he seeks an injunction to compel the United States Marshals Service to produce "attorney log-in records at the Henderson County Jail, located at 206 N. Murchison St, Athens, TX 75751" for two dates in 2022. (Dkt. 1-2, p. 2). Fitch neither paid the applicable filing fee for such an action nor moved to proceed *in forma pauperis*. But because Fitch is not entitled to proceed *in forma pauperis*, his action is dismissed as explained below.

## I.    DISCUSSION

Fitch is incarcerated, so his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This bar applies to all civil actions, including those under the FOIA and the Privacy Act. *See, e.g., Wright v. Curry*, 122 F. App'x 724, 725–26 (5th Cir. 2004) (per curiam) (applying § 1915(g) bar in FOIA action); *Cabrera v. U.S. Dep't of Just.*, 537 F. App'x 387, 388 (5th Cir. 2013) (per curiam) (affirming the dismissal of an FOIA action as barred by strikes and imposing a strike for the appeal); *Stewart v. Hardy*, No. 1:06-cv-170, 2006 WL 2171021, at *1–2 (E.D. Tex. July 27, 2006) (dismissing FOIA action as barred by strikes).

Publicly available court records reflect that, while Fitch has been incarcerated, he has filed at least three civil actions that the courts have dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Fitch v. Adams, et al.,* No. 1:05-cv-00255-RC-ESH (E.D. Tex. Mar. 15, 2006)

2/5

(dismissed as frivolous due to failure to exhaust administrative remedies);[1] *Fitch v. Adams, et al.,* No. 3:05-cv-220 (S.D. Tex. Apr. 22, 2008) (dismissed as legally frivolous); *Fitch v. Lappin, et al.,* No. 1:09-cv-00583-JRN (W.D. Tex. Feb. 22, 2010) (dismissed as frivolous due to failure to exhaust administrative remedies). As a result of these prior filings, Fitch may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham,* No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños,* 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing."

---

[1]Filing an action without exhausting administrative remedies renders the action frivolous and subject to dismissal for failing to state a claim upon which relief can be granted. *Emmett v. Ebner,* 423 F. App'x 492, 493–94 (5th Cir. 2011).

*Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). In addition, "[p]risoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-0006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019); *see also Abdul-Akbar*, 239 F.3d at 315 n.1 (generalized complaints of ongoing harassment, conspiracies to harm the plaintiff, or other forms of retaliation are insufficient to show an imminent danger of serious physical injury for purposes of § 1915(g)). Moreover, the threatened imminent harm must be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *Stine*, 571 F. App'x at 354 (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims).

4/5

Fitch's complaint does not allege facts showing that he is in imminent danger of serious physical injury from the delays in processing his FOIA claims. He therefore does not fall within the imminent-danger exception to the three-strikes rule and is not entitled to proceed *in forma pauperis* in this action.

## II.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil action filed by David Kent Fitch, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot**.

3. Fitch may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____ July 14 _____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

5/5